164

BUCKEYE WARE, INC., APPELLEE, *v.* ARNOLD, CHIEF, DIVISION OF ELEVATOR INSPECTION, ET AL., APPELLANTS.

(No. 77-1086—Decided May 3, 1978.)

*Messrs. Critchfield, Critchfield, Critchfield & Johnston, Mr. Robert Critchfield* and *Mr. Ronald E. Holtman,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. Rodney B. Teague,* for appellants.

*Per Curiam.* Buckeye Ware, Inc., appellee herein, owns and has operated M. B. Moto-Flo Freight Conveyors in its manufacturing plant. On July 10, 1974, Wilbur N. Martin, under the direction of appellant Frank Arnold, Chief of the Division of Elevator Inspection, Department of Industrial Relations (another appellant herein), entered appellee's plant and prohibited the use of appellee's conveyor units, for which appellee never had secured an installation permit from appellants.

These mechanisms are lifting and lowering devices which rise at an angle of 70 degrees from the horizontal. They carry loads of freight and, or, raw materials, but no persons ride thereon.

Appellee filed a complaint in the Court of Common Pleas of Wayne County requesting a declaratory judgment that the conveyors were not elevators under R. C. 4105.01 (A), and the court so held. Additionally, the court determined that appellants lacked jurisdiction over the conveyors and permanently enjoined appellants from interfering with their use.

Upon appeal to the Court of Appeals for Wayne County, the judgment of the trial court was affirmed and the

record of the case was certified by that court to this court for final review and determination, pursuant to Section 3(B)(4) of Article IV of the Constitution of Ohio, as its judgment was in conflict with the judgment of the Court of Appeals for Cuyahoga County, in *M. B. Company* v. *Arnold* (June 6, 1975), case No. 34228, unreported.

The issues for our final determination concern a definition of the words "vertically or substantially vertically," and whether they modify the phrase "other lifting or lowering apparatus permanently installed on or between rails or guides," as those terms appear in R. C. 4105.01.

In our judgment, the following language from the opinion of Judge Bell, in the Court of Appeals, provides the correct interpretation of the statute involved and it is hereby adopted as the opinion in this case:

"R. C. 4105.01(A), an interpretation of which lies at the heart of our discussion, reads:

" '* * *

" '(A) "Elevator" means all the machinery, construction, apparatus, and equipment used in raising and lowering a car, cage, or platform either vertically or substantially vertically, on or between permanent rails or guides, and includes all elevators, power dumb-waiters, escalators, gravity elevators, and other lifting or lowering apparatus permanently installed on or between rails or guides, but does not include hand operated dumb-waiters manlifts of the platform type with a platform area not exceeding nine hundred square inches, construction hoists, or other similar temporary lifting or lowering apparatus.'

"This enactment, effective November 22, 1973, differs from its predecessors, R. C. 4105.01, effective 10/1/53 and G. C. 1038-1, effective 8/[3]1/39 in that it contains the additional phrase 'substantially vertically' and the words 'on or between' referring to rails and guides on which the device carried.

"We find but a single case in Ohio which interprets the instant statute. That case, *M. B. Company* v. *Arnold*, No. 24228 [*sic*] (8th Dist. Ct. App., June 6, 1975) deals

with precisely the same type of unit, a M. B. Moto Flo freight conveyor. The Court of Appeals of Cuyahoga County found the unit involved to be an elevator within the meaning of R. C. 4105.01. That court's rationale was that the unit was, in fact, an 'other lifting or lowering apparatus permanently installed on or between rails or guides.' The decision contains no discussion of a need to determine the unit's vertical or substantially vertical elevation before defining it as an elevator.

"To the contrary, we are of the opinion that the statute defines an elevator as a device running on or between permanent rails or guides, which device raises or lowers persons or materials in a direction straight or substantially straight up and down. The term elevator includes within its meaning certain specific apparatus noted in the statute, as well as units which raise or lower devices or materials other than a car, cage or platform. The words 'vertically or substantially vertically' which delineate the course of travel of those devices referred to in general terms in the statute form an essential part of the definition of the word elevator.

"The statute describes three distinct groups as comprising the 'family' of elevators. All three have the same common characteristic of running on or between fixed rails or guides. One group is made up of specific types of units denominated as elevators notwithstanding other characteristics, including inclination to the vertical, i. e. escalators, power dumbwaiters, etc. They are not pertinent to the remainder of our discussion. A second group encompasses units engaged specifically in raising or lowering cars, cages or platforms. The third includes what is described as lifting and lowering apparatus.

"In considering the order of the words and descriptions contained in the statute, we believe the terminology relating to the lifting of cars, cages, etc., to be specific in nature and the words relating to 'other lifting or lowering' devices as being general. Under these circumstances, the general words should not be interpreted in their widest accepted meanings but such terms are limited to have the

same generic qualities as the specific units mentioned. The specific here has the quality of necessary vertical rise. We reason, according to the rule of *ejusdem generis* referred to above that a similar limitation must be applied to the more generally defined lifting and lowering apparatus. Aside from the devices statutorily denominated as elevators, any lifting or lowering device running on or between permanent rails or guides, whether lifting a cage, car or platform or other object or vehicle, may be defined as an elevator only if its path of travel is vertical or substantially vertical. See, Black's Law Dictionary 612 (Rev. 4th Ed., 1951).

"In discussing the meaning of the statute, we used the words 'straight or substantially straight up and down.' The term vertical in itself connotes 'occupying a position directly overhead' or 'in a direction perpendicular to the plane of the horizon,' 'plumb,' 'upright' (Funk & Wagnall's New Standard Dictionary). The 'travel' or 'rise' of an elevator is defined as the vertical distance between the bottom terminal landing and the top landing of the unit (A. N. S. I. AM. 1-1971), plaintiff's exhibit (O).

"To qualify the word vertical the word 'substantially' is used. It means (according to Funk & Wagnall's New Standard Dictionary) essentially or fundamentally. Black (ibid.) defines the word as meaning without material qualification or materially.

"As we read these definitions, it seems obvious that the word vertical is indicative of an absolute, nonvariable standard. Therefore, in principle, a relationship may no more be described as being 'substantially vertical' than a liquid condition might be described as being substantially boiling or a physical condition as substantially pregnant.

"However, we believe, to preclude qualification of the word vertical on semantic terms only would be to disregard the intention of the legislature.

"We hold that the phrase 'substantially vertically' has reference to an angle of incline so closely approximating 90 degree from the horizontal as to be essentially and fundamentally vertical itself. * * *"

Whether the instant statutory provision relating to devices operating "substantially vertically" is subject to attack as being unconstitutionally void for vagueness is not a proposition before us.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, COLE, COOK and LOCHER, JJ., concur.

COLE, J., of the Third Appellate District, sitting for P. BROWN, J.

COOK, J., of the Eleventh Appellate District, sitting for SWEENEY, J.